IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20276
Summary Calendar
_____

RUDY RIOS,

Plaintiff-Appellant,

versus

K HOLBROOK, ET AL,

Defendants,

K HOLBROOK,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA H-93-2285
--------------------

December 3, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Rudy Rios, Texas prisoner # 344683, appeals the district court's summary judgment dismissal of Rios's 42 U.S.C. § 1983 excessive force and retaliation claims against prison officer Kyle Holbrook.  Rios argues that 1) the district court erroneously considered certain contested facts as uncontested when considering Rios's excessive force claim, 2) the district court improperly relied upon an affidavit attached to Holbrook's

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

summary judgment motion, 3) the district court erred in citing to Holbrook's summary judgment motion as evidence, 4) Rios was not given an adequate opportunity to respond to the summary judgment motion because his legal materials had been confiscated, and 5) his retaliation claim was not conclusional.

Reviewing the record de novo, and not considering the facts Rios submits are contested and the affidavit relied upon by the district court, we conclude that Holbrook's use of force against Rios was not unreasonable in light of the circumstances, that Holbrook's actions were reasonable to restore discipline, and that Holbrook was thus entitled to qualified immunity. See Hudson v. McMillian, 503 U.S. 1, 7 (1992); Baldwin v. Stalder, 137 F.3d 836, 839-41 (5th Cir. 1998). The summary judgment dismissing the excessive-force claim was proper.

A review of Rios's response to the summary judgment motion reveals that Rios was not deprived of an adequate opportunity to respond. Furthermore, his retaliation claim was conclusional, and the dismissal of the claim was proper. Accordingly, the district court's summary judgment dismissing Rios's § 1983 claims against Holbrook is AFFIRMED. Rios's motion to file his reply brief out of time is DENIED.